Sixth Division
 November 15, 1996
 NUNC PRO TUNC April 12, 1996







No. 1-96-0666


KEVIN D. FROST, ) Appeal from the Circuit
 ) Court of Cook County
 Petitioner-Appellant, ) 
 ) 
 v. ) 
 ) 
COUNTY OFFICERS ELECTORAL ) 
BOARD, constituting the )
Electoral Board, individually )
and as such Board, DAVID D. )
ORR, AURELIA PUCINSKI and )
JACK M. O'MALLEY, and )
SIDNEY R. YATES, ) The Honorable
 ) Raymond L. Jagielski,
 Respondents-Appellees. ) Judge Presiding.


 PRESIDING JUSTICE ZWICK delivered the opinion of the court:

 Petitioner, Kevin D. Frost, filed written objections to the
candidacy of respondent, Sidney R. Yates, for nomination by the
Democratic Party for the office of Representative in the United
States Congress for the Ninth Congressional District of the State
of Illinois in the March 19, 1996, primary election. Upon motion
of respondent Yates, the Cook County Officers Electoral Board
(Electoral Board) dismissed petitioner's objections, declared the
challenged nomination papers to be valid, and ordered that the
name of respondent Yates be printed on the ballot for the primary
election. Petitioner's request for judicial review of that
decision was affirmed by the circuit court of Cook County, and
petitioner has appealed. This court granted petitioner's request
for an expedited hearing, and on March 15, 1994, we entered an
order affirming the decision of the circuit court and stating
that an opinion or an order would follow.
 Petitioner's sole objection asserted that the nomination
papers were insufficient as a matter of law because the signature
of respondent Yates upon the statement of candidacy was witnessed
by a notary public commissioned by the District of Columbia
rather than by the State of Illinois as required by section 7-10
of the Illinois Election Code (10 ILCS 5/7-10 (West 1994)). We
disagree.
 Section 2 of the Uniform Recognition of Acknowledgments Act
specifically provides that "[n]otarial acts may be performed
outside this State for use in this State with the same effect as
if performed by a notary public of this State by *** a notary
public authorized to perform notarial acts in the place in which
the act is performed." 765 ILCS 30/2 (West 1994). In addition,
section 6 of the Oaths and Affirmations Act states as follows:
 "When any oath authorized or required by law to be made
 is made out of the state, it may be administered by any
 officer authorized by the laws of the state in which it
 is so administered, and if such officer have a seal,
 his certificate under his official seal shall be
 received as prima facie evidence without further proof
 of his authority to administer oaths." 5 ILCS 255/6
 (West 1994).
The term "State" is defined to include the District of Columbia. 
5 ILCS 70/1.14 (West 1994).
 Based upon the statutory provisions cited above, we hold
that an oath taken before a notary public who had received his or
her commission from a state other than Illinois or from the
District of Columbia is legally sufficient for the oath required 
on a statement of candidacy under section 7-10 of the Election
Code. Accordingly, we affirm the decision of the Electoral
Board.
 AFFIRMED.
 McNAMARA, J., and EGAN, J., concur.*










* Justice Egan participated in the decision of this case prior to
his retirement from the bench.